UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

CARLOS GILBERT LAW,

    Plaintiff,

v.

BOYKIN, et. al.,

    Defendants.

No. C 16-2292 NJV (PR)

**ORDER TO SHOW CAUSE**

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges that he was assaulted by a correctional officer and denied medical care on March 3, 2016, at San Quentin State Prison. Plaintiff filed this action on March 28, 2016.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Id.* at 85. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. *Id.* at 85-86 (citing *Booth*, 532 U.S. at 734).

The California Department of Corrections and Rehabilitation ("CDCR") provides that inmates and parolees "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material

adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). "Three levels of formal review are provided, and a prisoner exhausts the grievance process when he completes the third level." *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010).

Plaintiff has not discussed exhaustion and it appears unlikely that plaintiff could have fully exhausted his claims in the three and a half weeks between the incident and the filing of this action. Nor can plaintiff proceed with this case if he exhausts his claim after the filing of this action. A prisoner must exhaust his administrative remedies for constitutional claims prior to asserting them in a civil rights complaint. 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). If a prisoner exhausts a claim after bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.") When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d, 1108, 1120 (9th Cir. 2003) *overruled on other grounds*.

Plaintiff will be provided an opportunity to demonstrate that he has exhausted his claims rather than this case proceed and plaintiff perhaps miss his opportunity to properly exhaust and pursue this action. Plaintiff shall show cause within **twenty-one (21) days**, why this case should not be dismissed without prejudice for failure to exhaust. Failure to reply will result in dismissal.

**IT IS SO ORDERED.**

Dated: May 27, 2016.

NANDOR J. VADAS
United States Magistrate Judge

2