UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

|  |  |
|---|---|
| CARLOS GILBERT LAW,<br>            Plaintiff,<br>    v.<br>BOYKIN, et. al.,<br>            Defendants. | Case No. 16-cv-2292-NJV (PR)<br><br>**ORDER OF DISMISSAL**<br>Dkt. Nos. 6, 9, 14 |

Plaintiff, a state prisoner, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was assaulted by a correctional officer and denied medical care on March 3, 2016, at San Quentin State Prison. Plaintiff submitted this action on March 28, 2016. Plaintiff was ordered to show cause why this case should not be dismissed for failure to exhaust his claims before filing this action. (Doc. 11.) He has filed a response. (Doc. 15.)

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Id*. at 85. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. *Id*. at 85-86 (citing *Booth*, 532 U.S. at 734).

The California Department of Corrections and Rehabilitation ("CDCR") provides that inmates and parolees "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). "Three levels of formal review are provided, and a prisoner exhausts the grievance process when he completes the third level." *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010).

The court previously noted that it appeared unlikely that plaintiff could have fully exhausted his claims in the three and a half weeks between the incident and the filing of this action. Plaintiff was also advised that he could not proceed with this case if he exhausted his claim after the filing of this action. A prisoner must exhaust his administrative remedies for constitutional claims prior to asserting them in a civil rights complaint. 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). If a prisoner exhausts a claim after bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.") When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d, 1108, 1120 (9th Cir. 2003) *overruled on other grounds*.

Plaintiff was provided an opportunity to demonstrate that he has exhausted his claims rather than this case proceed and plaintiff perhaps miss his opportunity to properly exhaust and pursue this action. Plaintiff received a second level response on April 26, 2016. (Doc. 13.) His appeal was partially granted in that an inquiry would be conducted into plaintiff's allegations. *Id*. The second level response advised that only a third level appeal decision would lead to complete exhaustion. *Id*. Plaintiff's complaint was dated as being prepared on March 28, 2016, and was postmarked on April 25, 2016. (Docs. 1, 5.) Plaintiff argues that he was completely satisfied with the second level response. (Doc 15 at 1-3.) He contends that because he was satisfied he did not have to fully exhaust his claim to the third level. *Id*.

While there are certain circumstances when an inmate need not fully exhaust a claim, *see Harvey v. Jordan*, 605 F.3d 681 (9th Circ. 2010),[1] this case does not fall into that exception. Plaintiff initiated this case before he received his second level response. While the second level response was partially granted, plaintiff seeks money damages in this case and injunctive relief. The injunctive relief has already been granted in that an investigation was initiated and plaintiff states he is satisfied. Regardless, the underlying incident occurred at San Quentin State Prison and all the defendants are employed there. Plaintiff has since been transferred to California Health Care Facility, so his claims for injunctive relief are moot. While plaintiff may still seek money damages, he failed to fully exhaust that aspect of his claim. The Supreme Court was clear that even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. *Woodford*, at 85-86 (citing *Booth*, at 734). This action is dismissed without prejudice but plaintiff may re-file if he fully exhausts the claim. Plaintiff's motion for an injunction is denied because he is no longer being held at San Quentin State Prison where the defendants are located and there are no named defendants who could provide injunctive relief at plaintiff's current institution.

## CONCLUSION

1. This action is **DISMISSED** for the reasons set forth above.

2. Plaintiff's motion to proceed IFP (Docket No. 6) is **GRANTED**. No fee is due.

3. Plaintiff's motion for an injunction (Docket Nos. 9, 14) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 12, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge

---

[1] In *Harvey*, the Ninth Circuit explained that an "inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." *Id*. at 685. However, the instant case is distinguishable from *Harvey*, which turned on the fact that the prisoner was induced into abandoning his appeal by the unfulfilled promise of relief. *See Benitez v. County of Maricopa*, No. 13-16926, slip op. at 3 (9th Cir. June 21, 2016). There are no allegations that the partial granting of the appeal was rescinded or unfulfilled.

3